IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEREK TOMELLO** | ) |
| | ) CASE NO.: |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE |
| | ) |
| **SYNEOS HEALTH COMMUNICATIONS, INC.** | ) |
| | ) **COMPLAINT** |
| | ) |
| Defendant. | ) ***JURY DEMAND ENDORSED HEREON*** |
| | ) |

Plaintiff Derek Tomello, by and through counsel, brings this Complaint against Defendant Syneos Health Communications, Inc., and alleges as follows:

**PARTIES**

1. Plaintiff is an adult individual residing in Franklin County, Ohio.

2. Defendant is a domestic corporation for profit with a principal place of business in Delaware County, Ohio. Defendant can be served care of its registered agent: United Agent Group Inc., 119 E. Court Street, Cincinnati, OH, 45202.

3. Plaintiff's claim arises under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

4. Plaintiff was hired by Lupin Pharmaceuticals ("Lupin") in June 2018 as a Pharmaceutical Sales Representative. In this capacity, Plaintiff was assigned to work in Lupin's Women's Health Specialties Sales Force.

5. Defendant acquired Lupin's Women's Health Specialties Sales Force in or around April 1, 2021, and became Plaintiff's employer effective on the date of such acquisition. As a

"successor in interest" within the meaning of the FMLA, Defendant was Plaintiff's employer during all times relevant to this Complaint.  29 U.S.C. § 2611(4)(A)(ii)(II).

6. At all times relevant to this Complaint, Plaintiff was an eligible employee of Defendant as defined by the FMLA because Plaintiff was employed by Defendant and its predecessor in interest for more than 12 months and worked at least 1,250 hours for Defendant and its predecessor in interest during the relevant twelve-month period.

## JURISDICTION AND VENUE

7. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the FMLA.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (2).

## STATEMENT OF FACTS

9. Plaintiff was employed by Defendant and its predecessor in interest as a Pharmaceutical Sales Representative from approximately June 2018 through May 12, 2021.

10. Plaintiff's performance while employed by Defendant was exemplary.  He was consistently ranked favorably amongst his peers.  In recognition of his strong performance, Defendant appointed Plaintiff to serve as a peer mentor to a newly hired sales representative in early 2021.

11. Though Plaintiff's performance was strong, he suffered from a serious health condition within the meaning of the FMLA.

12. On or about May 12, 2021, Plaintiff contacted Defendant's human resources department and inquired as to whether he would be eligible for intermittent FMLA.

13. On or about May 14, 2021, Defendant informed Plaintiff that it was terminating his employment, but declined to provide Plaintiff with details or context for why the decision was made.

14. Despite his serious health condition, Plaintiff's performance remained strong through the date of his termination.  In fact, Plaintiff was ranked second out of 11 sales representatives assigned to Defendant's North District Team for sales growth in the four weeks prior to his termination.

15. Upon information and belief, Defendant's true reason for terminating Plaintiff was to avoid providing Plaintiff with the FMLA benefits to which he was entitled, and/or to retaliate against Plaintiff for engaging in activity protected by the FMLA.

## COUNT I
### (Violation of FMLA – Interference)

16. Plaintiff restates each of the previous paragraphs of this Complaint as if fully rewritten herein.

17. At all relevant times, Defendant was an employer as defined in the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

18. Plaintiff's medical condition constituted a serious health condition as defined by the FMLA.

19. Plaintiff required intermittent leave due to his serious health condition.

20. Plaintiff informed Defendant of this need for FMLA, and Defendant was on notice of such need.

21. Defendant denied Plaintiff FMLA benefits to which he was entitled.

22. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover, without

limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost and/or actual monetary losses, plus interest, liquidated damages and attorneys' fees and costs.

## COUNT II
### (Violation of FMLA – Retaliation)

23. Plaintiff restates each of the previous paragraphs of this Complaint as if fully rewritten herein.

24. At all relevant times, Defendant was an employer as defined in the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

25. Plaintiff's medical condition constituted a serious medical condition as defined by the FMLA.

26. Plaintiff required intermittent leave due to his serious health condition.

27. Plaintiff informed Defendant of this need for FMLA leave and Defendant was otherwise aware of such need.

28. Plaintiff engaged in a statutorily protected activity by requesting leave pursuant to the FMLA.

29. Defendant terminated Plaintiff's employment in response to his participation in statutorily protected activity.

30. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has and will continue to suffer damages. Plaintiff is entitled to recover, without limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost and/or actual monetary losses, plus interest, liquidated damages and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff compensatory damages;

2. Awarding Plaintiff liquidated damages;

3. Awarding Plaintiff his reasonable costs and attorney fees; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

    Respectfully Submitted,

    */s/ Christopher J. Lalak*
    **NILGES DRAHER LLC**
    Christopher J. Lalak (0090079)
    1360 East Ninth Street
    Suite 808
    Cleveland, Ohio 44114
    Telephone: 216.230.2955
    Email: clalak@ohlaborlaw.com

    *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

    /s/ *Christopher J. Lalak*
    Christopher J. Lalak

    *Counsel for Plaintiff*